IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY K.K.,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　　Respondents. | Civil No. 1:26-cv-03663-MWJS<br><br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 208-172-172 |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Ajay K.K..[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

He entered the United States without inspection near Arizona on March 24, 2023. Dkt. No. 1, at pg. 2. The Department of Homeland Services ("DHS") initiated removal proceedings by issuing a Notice to Appear ("NTA") charging Petitioner as removable. *Id*. But the record does not reflect that the government sought to detain Petitioner while he underwent removal proceedings. He began asylum proceedings, seeking protection

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

based on persecution in his home country, including "harm and threats tied to religion and/or political opinion." *Id*. And, "while actively litigating his asylum proceedings," the government allowed him to "reside in the community for approximately three years." *Id*. The authorities' judgment that Petitioner was neither a flight risk nor a danger to the community proved well-founded: there is no suggestion in the record that Petitioner ever violated any conditions imposed upon him. He has consistently updated his address when appropriate and taken steps to proceed with his claim for asylum.

But on May 2, 2026, Petitioner was arrested and detained by immigration authorities. *Id*. at pg. 10. He was given no notice or process before his arrest. *Id.* And while Petitioner was granted a bond hearing following his re-detention by ICE, the record contains no details about what, if anything, the immigration found when denying Petitioner's request. And Respondents do not suggest that the immigration judge developed any evidentiary record that would support a conclusion Petitioner has somehow become a danger to the community or a flight risk.

Petitioner now invokes this court's habeas jurisdiction. In Count One of his petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. *Id*. at pg. 11. Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g.*, *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29,

2

2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 6.  The court appreciates Respondents' timely and candid opposition.  Dkt. No. 7.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.  Dkt. No. 7. And Respondents do not suggest that that bond hearing—the details of which it does not provide—in any way distinguishes this case from the others.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

3

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count One,

for the reasons stated in those prior orders.  Because it is unnecessary to resolve Counts

Two and Three of the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Ajay K.K. (A# 208-172-172) from their custody.  Respondents shall not impose any additional restrictions

on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND

RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with

constitutional protections, which include, at a minimum, pre-deprivation notice

describing the change of circumstances necessitating Petitioner's arrest and detention,

and a timely hearing.  At any such hearing, the government shall bear the burden of

establishing, by clear and convincing evidence, that Petitioner poses a danger to the

community or a risk of flight, and Petitioner shall be allowed to have their counsel

present.  This order does not address the circumstances in which Respondents may

detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and

detaining Petitioner before pre-deprivation process can be provided.

//

//

4

Given the court has previously DENIED AS MOOT the Petitioner's TRO

application, *see* Dkt. No. 6, this order resolves all pending motions.  The Clerk of Court

is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 19, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03663-MWJS; *Ajay K.K. v. Warden of the Golden State Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS